Robert ADAMS, d/b/a Bob Adams Realty and the Adams Mortgage Company, Appellant (Plaintiff below),

v.

James B. GRAY, Sina Lillie Hanson, Viola Theresa Tipton, Orlee Mae Palmer and Robert I. Palmer, Appellees (Defendants below).

No. 3009.

Supreme Court of Wyoming.

Oct. 11, 1961.

Carroll & Cole, Bernard E. Cole, Cheyenne, for appellant.

Paul B. Godfrey of Henderson & Godfrey, Cheyenne, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

PER CURIAM.

■ This cause was tried to a jury May 11–13, 1960. A verdict for defendants was returned May 13, and on the same day, the court entered judgment. Plaintiff filed and served notice of appeal May 25. On June 22 the trial court entered an order extending the time for filing and docketing the record on appeal to July 23, and on July 22 entered a further order extending the time to August 15. On August 11 plaintiff filed his designation of record on appeal and on August 15 filed the record in this court. The case is before us on defendants' motion to dismiss because of plaintiff's failure to comply with the rules regarding appeals.

Rule 73(a), Wyoming Rules of Civil Procedure, provides that:

"* * * The appellant shall concurrently [with the filing of notice of appeal] order and arrange for the payment of a transcript of the portions of the evidence deemed necessary for the appeal, and written evidence of the compliance with this requirement shall be filed in the case or endorsed upon the notice of appeal. * * *"

Rule 75(a), Wyoming Rules of Civil Procedure, provides that:

"Within thirty days after filing the notice of appeal the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the appellee has already served and filed a designation. * * *"

There was no compliance with either of these provisions, and the appeal is therefore dismissed.

█ Incidentally, it should probably be noted that the appellees on June 30, 1960, several days after appellant's designation was due, filed their designation and now explain that this was done as a basis for a motion to dismiss the appeal. Such filing was unnecessary since appellees could have accomplished their purpose by proceeding under Rule 75(j), Wyoming Rules of Civil Procedure.

Appeal dismissed.